THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| LENA V. AWAN and MUHAMMAD S. AWAN,<br><br>Plaintiffs,<br><br>v.<br><br>ROB MATHER, 19th District (Denver) District Director, United States Citizenship and Immigration Services; UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES; UR M. JADDOU, Director, United States Citizenship and Immigration Services; MICHAEL CRABTREE, Field Office Director, Salt Lake Field Office of United States Citizenship and Immigration Services; ALEJANDRO MAYORKAS, Secretary, Department of Homeland Security; BOARD OF IMMIGRATION APPEALS,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING [15] DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**<br><br>Case No. 2:23-cv-00258-DBB-DAO<br><br>District Judge David Barlow |

Before the court is Defendants Rob Mather, District Director, Denver District of United States Citizenship and Immigration Services ("USCIS"); USCIS; Ur M. Jaddou, Director, USCIS; Michael Crabtree, Field Office Director, Salt Lake Field Office of USCIS; Alejandro Mayorkas, Secretary, Department of Homeland Security; and Board of Immigration Appeals's ("BIA" or the "Board") (collectively "Defendants") Motion to Dismiss for Failure to State a Claim Under Federal Rule of Civil Procedure 12(b)(6).[1] Defendants move to dismiss Plaintiffs

---

[1] Mot. to Dismiss, ECF No. 15, filed Aug. 30, 2023.

Lena V. Awan ("Lena")[2] and Muhammad S. Awan's ("Muhammad") (collectively "Plaintiffs")

Petition for Declaratory Relief on Denial of a Relative Visa Petition[3] for failure to state a claim.

For the reasons below, the court grants Defendants' motion.[4]

BACKGROUND[5]

In January 2012, Lena, a U.S. citizen, married Muhammad, a Pakistani citizen.[6] Four

years later, Lena filed a Form I-130 visa petition in support of Muhammad's green card

application.[7] USCIS received the petition in August 2016.[8] Lena and Muhammad then appeared

for an interview at the Salt Lake Field Office in June 2018.[9] Nine months later, USCIS issued a

Notice of Intent to Deny ("NOID").[10]

---

[2] Because multiple individuals share the same last name and some have changed their last names, the court uses first names for clarity.

[3] Pet. for Decl. Relief, ECF No. 2, filed Apr. 25, 2023.

[4] Having considered the briefing and relevant law, the court decides the matter without oral argument. *See* DUCivR 7-1(g).

[5] The court incorporates the background facts cited in *Awan v. Douglas*, No. 2:21-cv-00163, 2022 WL 993392 (D. Utah Apr. 1, 2022). *See* Pet. for Decl. Relief ¶ 39 ("Plaintiffs accept [the court]'s rendition of the relevant facts" "for purposes of this action only[.]").

[6] Pet. for Decl. Relief ¶¶ 9–10, 22–23.

[7] *Id.* at ¶ 24. Under Section 204(a) of the Immigration and Nationality Act, "any citizen of the United States claiming that an alien is entitled to classification by reason of a relationship described in . . . this title or to an immediate relative status . . . may file a petition with the Attorney General for such classification." 8 U.S.C. § 1154(a). "Submitting [a] Form I-130, Petition for Alien Relative is the first step in helping an eligible relative apply to immigrate to the United States and get a Green Card." *I-130, Petition for Alien Relative*, USCIS, https://www.uscis.gov/i-130 (last visited Oct. 24, 2023).

[8] Notice of Intent to Deny dated Mar. 28, 2019 ("2019 NOID") 2, Ex. 1, ECF No. 2-1. Plaintiffs contend BIA's January 2023 decision, among other documents, is a "matter outside the pleadings" and so the court cannot consider it here. Pls.' Opp'n to Mot. to Dismiss ("Opp'n") 14 n.5, ECF No. 16. Not so. "In evaluating a Rule 12(b)(6) motion to dismiss, courts may consider not only the complaint itself, but also attached exhibits, and documents incorporated into the complaint by reference[.]" *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (citations omitted); *see Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 323 (2007) ("[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." (citation omitted)). Here, Plaintiffs attach to their petition BIA's 2023 decision. Pet. for Decl. Relief at 28. For this reason, the court may consider this document as well as the other documents incorporated by reference. *Id.*

[9] Pet. for Decl. Relief ¶ 25.

[10] *Id.* at ¶ 26.

The agency informed Lena that Muhammad's former spouse, Leeanne Rose Cosentino ("Leeanne"), had filed two I-130 petitions that USCIS subsequently denied.[11] In March 2011, USCIS denied Leeanne's first petition because it "determined that Muhammad . . . and Leeanne . . . had entered into a fraudulent and sham marriage that was invalid for immigration purposes."[12] The agency also issued a NOID for Leeanne's April 2013 petition because the "evidence contained within the record clearly demonstrate[d] that the marriage between Muhammad . . . and Leeanne . . . was based on fraud and only entered into for [the] primary purpose of circumventing the immigration laws."[13] Leeanne did not file a response and so the agency denied her second petition.[14]

As to Lena's petition, USCIS stated: "The substantial and probative evidence contained within the record demonstrat[es] that [Muhammad's] first marriage to Leeanne . . . was entered into for fraudulent purposes to avoid immigration laws . . . ."[15] The agency found Lena and Muhammad had "maintained a consistent bona fide romantic relationship with one another since February 2000 in Ukraine until today. This relationship has produced three children, during which time Muhammad claimed to be living in a bona fide marriage with *Leeanne* . . . ."[16]

---

[11] 2019 NOID 2. Muhammad's marriage to Lena was not his first. Pet. for Decl. Relief ¶ 2 n.3. Muhammad married Leeanne in January 2002. 2019 NOID 2. Muhammad and Leeanne divorced in December 2011, six weeks before Muhammad married Lena. *Id.*; Pet. for Decl. Relief ¶ 2 n.3.
[12] 2019 NOID 2.
[13] *Id.*
[14] *Id.*
[15] *Id.* at 2–3; *see id.* at 5 ("Based on a review of the record and testimony provided, USCIS finds that there is substantive and probative evidence that Muhammad . . . and Leeanne . . . never established a bona fide marriage with one another but rather engaged in [a] fraudulent marriage scheme in order to obtain an immigration benefit.").
[16] *Id.* at 5 (emphasis added).

Lena timely responded.[17] A USCIS field office director ("Director") denied the petition

four months later.[18] Though the Director found Lena had "submitted clear and convincing

evidence that [she] and [Muhammad] entered into . . . marriage in good faith," the Director

concluded there was "substantial and probative evidence that [Muhammad] entered into the

marriage with [Leeanne] to evade immigration laws."[19] On that basis, USCIS also denied

Muhammad's Form I-485.[20]

In December 2020, BIA affirmed the Director's decision and dismissed Lena's appeal.[21]

The Board agreed that the record "contain[ed] substantial and probative evidence of prior

marriage fraud on [Muhammad]'s part."[22] In particular, the Board found that during

Muhammad's marriage with Leeanne, he fathered three children and purchased a home with

Lena; that Leeanne had married another individual during her marriage with Muhammad; and

that Leeanne could not spell Muhammad's middle name or recite his children's names.[23] The

Board was not persuaded by Lena's explanation that Muhammad and Leeanne had an "open"

marriage[24]: the Board explained that the "long-term relationship between [Lena] and

---

[17] Pet. for Decl. Relief ¶ 27; Resp. to Notice of Intent to Deny 1, Ex. 5, ECF No. 2-1.

[18] Decision on I-130 Pet. 5, ECF No. 28-1, at 60, *Awan*, No. 2:21-cv-00163 (D. Utah filed Sept. 22, 2021). The court appropriately considers documents filed in a prior action. "[T]he party asserting collateral estoppel through a motion to dismiss may request the court to take judicial notice of additional documents filed of record in the prior case." *Thornton v. Kroger Co.*, No. CIV 20-1040, 2022 WL 488932, at *53 (D.N.M. Feb. 17, 2022) (citing *Merswin*, 364 F. App'x 438 (10th Cir. 2010) (unpublished)); *see Johnson v. Spencer*, 950 F.3d 680, 705–06 (10th Cir. 2020) ("It . . . is unremarkable that courts frequently take judicial notice of prior judicial acts found in records and files when evaluating the merits of a purported claim-preclusion defense.").

[19] Decision on I-130 Pet. 7; Pet. for Decl. Relief ¶ 27.

[20] Decision on I-485 Pet. 1, Ex. 3, ECF No. 2-1. An applicant uses the I-485 Application to Register Permanent Resident or Adjust Status "to apply for lawful permanent resident status if [the applicant is] in the United States." *I-485 Application to Register Permanent Resident or Adjust Status*, USCIS, https://www.uscis.gov/i-485 (last visited Oct. 24, 2023).

[21] BIA Decision dated Dec. 1, 2020 ("BIA 2020 Decision") 2, Ex. 4, ECF No. 2-1; Pet. for Decl. Relief ¶¶ 33–34.

[22] BIA 2020 Decision 1.

[23] *Id.*

[24] *See* Br. in Support of Pet.'s Resp. to Notice of Intent to Deny Visa Pet. 16, Ex. 5, ECF No. 2-1 ("[Leeanne] has introduced new evidence demonstrating that . . . the couple was involved in an unconventional marital

[Muhammad] . . . casts significant doubt on the bona fide nature of [Muhammad]'s prior marriage."[25] What is more, the Board described Leeanne's affidavit as "self-serving" and "entitled to limited weight."[26] Last, the Board rejected Lena's due process allegations. It found Lena had not shown the Director's adjudication "was insufficient or defective in any regard."[27]

Plaintiffs timely appealed to this court.[28] The court found that neither the Director nor BIA erred procedurally when they denied Lena's petition.[29] It also found that the Director "made an explicit finding that substantial and probative evidence showed that the Muhammad-Leanne marriage was a sham[,]" that the Director "engaged in the appropriate burden-shifting analysis[,]" and that the Director "did not present any new derogatory information of which Plaintiffs were unaware in the [d]enial."[30] Next, the court discussed whether BIA's decision was supported by substantial record evidence. It noted Plaintiffs submitted federal tax returns, lease agreements, and copies of Leanne's driver's license to prove Muhammad's prior marriage with Leanne was not fraudulent.[31] Though the court agreed with "many of . . . BIA's conclusions as supported by the evidence in the record[,]"[32] the court concluded it could not "reach a final determination of whether BIA's decision was arbitrary and capricious."[33]

Two findings were at issue. The court first marked that "it appears that . . . BIA was suggesting that Lena and Muhammad's romantic relationship predated Muhammad's marriage to

---

relationship[.]"); Aff. of Leanne Cosentino-Ahmad 6, Ex. 5, ECF No. 2-1 ("From that point on, we saw other people. . . . [W]e agreed that we would have an open relationship[.]").

[25] BIA 2020 Decision 1–2.

[26] Id. at 2.

[27] Id.

[28] Pet. for Decl. Relief ¶ 35.

[29] Awan, 2022 WL 993392, at *5–8.

[30] Id. at *7.

[31] Id. at *12.

[32] Id. at *10.

[33] Id. at *12.

[Leanne]."[34] As such, the court found BIA's "statement that [Muhammad and Lena's] relationship predated Muhammad's marriage to Leeanne, without further explanation, [a]s unsupported."[35] Next, the court examined BIA's conclusion "that there was not 'sufficient historical evidence of a joint life' between Muhammad and [Leeanne]."[36] The court marked how Plaintiffs submitted evidence—tax returns, leases, and copies of a driver's license—that were the "'types of documents which may establish that' a prior marriage was not fraudulent[.]"[37] But the court found no evidence BIA or the Director addressed such evidence. Thus, the court did not "know[] whether . . . BIA considered [relevant] evidence [or] how that evidence may have affected its decision."[38] The court remanded for the foregoing limited purposes and entered judgment.[39]

On January 9, 2023, the Board dismissed Plaintiffs' appeal.[40] It "acknowledge[d] [it had] considered the specific documents identified by the District Court in its decision": federal tax returns, lease agreements, and copies of Leeanne's driver's license.[41] The Board stated: "Upon review, we again affirm the Director's determination that [Muhammad]'s prior marriage to a United States citizen was entered into for the purpose of evading the immigration laws[.]"[42]

---

[34] *Awan*, 2022 WL 993392, at *11.

[35] *Id.* at *11. "BIA also concluded that the 'long-term' relationship between Muhammad and Lena predated Muhammad's marriage to [Leeanne]." *Id.* (citing BIA Decision 1–2).

[36] *Id.* at *12 (quoting BIA Decision 2).

[37] *Id.* (quoting 8 C.F.R. § 204.2(a)(1)(i)(B)).

[38] *Id.*; Pet. for Decl. Relief ¶ 37.

[39] Pet. for Decl. Relief ¶ 36; *Awan*, 2022 WL 993392, at *12; ECF No. 48, *Awan*, No. 2:21-cv-00163 (D. Utah filed Apr. 1, 2022). The court may take judicial notice of its own decisions. *See Merswin v. Williams Cos.*, 364 F. App'x 438, 441 (10th Cir. 2010) (unpublished) ("It is settled that the district court can take judicial notice of its own decision and records in a prior case involving the same parties.") (citing *Amphibious Partners, LLC v. Redman*, 534 F.3d 1357, 1361–62 (10th Cir. 2008)).

[40] Pet. for Decl. Relief ¶ 39; BIA Decision dated Jan. 9, 2023 ("BIA 2023 Decision") 1, Ex. 13, ECF No. 2-1.

[41] BIA 2023 Decision 1.

[42] *Id.*

Next, the Board noted the record presented "substantial and probative evidence" in the form of "high quality, competent, credible, and objective evidence of prior marriage fraud on [Muhammad]'s part."[43] BIA cited how Muhammad fathered three children and purchased a home with Lena while he was married to Leeanne and how Leeanne married another man during her marriage to Muhammad.[44] It rejected Plaintiffs' explanation about an "open marriage."[45] The Board clarified that when it "stated that [Muhammad]'s relationship with [Lena] pre-dated his marriage to [Leeanne]" in its 2020 decision, "[it] did not mean 'romantic relationship,' but that [Lena] and [Muhammad] previously knew each other before entering the United States."[46] And the Board reasoned: "The submitted tax returns, lease agreement, and . . . driver's license establish that [Muhammad and Leeanne] held themselves out to be married, but provide little insight into the nature of that prior marriage."[47] Accordingly, the Board affirmed the Director's decision to deny Lena's petition.

Plaintiffs filed the instant petition on April 25, 2023.[48] The petition alleges two causes of action: arbitrary and capricious agency action[49] and due process violations.[50] Plaintiffs seek declaratory and injunctive relief for BIA's denial of Lena's petition.[51] Defendants filed a motion

---

[43] *Id.* at 2.
[44] *Id.*
[45] *Id.*
[46] BIA 2023 Decision 2 n.3.
[47] *Id.* at 2; Pet. for Decl. Relief ¶ 47.
[48] *See* Pet. for Decl. Relief.
[49] *Id.* at ¶¶ 67–90.
[50] *Id.* at ¶¶ 91–95.
[51] *Id.* at ¶ 1, 26–27 (Prayer for Relief).

to dismiss for failure to state a claim on August 30.[52] Plaintiffs filed an opposition on September 25.[53] Eleven days later, Defendants replied.[54]

## STANDARD

"To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead sufficient factual allegations 'to state a claim to relief that is plausible on its face.'"[55] Facial plausibility means the "complaint must plead 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"[56] Courts "accept the well-pleaded facts alleged as true and view them in the light most favorable to the plaintiff[s]."[57] But courts need not accept "threadbare recitals of a cause of action's elements, supported by mere conclusory statements."[58] After disregarding conclusory statements, courts "look to the remaining factual allegations to see whether [p]laintiffs have stated a plausible claim."[59] "Mere legal conclusions and factual allegations that contradict . . . properly considered document[s] are not well-pleaded facts that the court must accept as true."[60]

## DISCUSSION

Defendants argue Plaintiffs' petition fails to state a claim either for arbitrary and capricious agency action under the Administrative Procedure Act ("APA") or for a violation of

---

[52] *See* Mot. to Dismiss.

[53] *See* Opp'n.

[54] Def.'s Reply in Support of Mot. to Dismiss, ECF No. 17.

[55] *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1104 (10th Cir. 2017) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[56] *Clinton v. Sec. Benefit Life Ins. Co.*, 63 F.4th 1264, 1275 (10th Cir. 2023) (citation omitted).

[57] *Matney v. Barrick Gold of N. Am.*, 80 F.4th 1136, 1144 (10th Cir. 2023) (citation omitted).

[58] *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). "A conclusory allegation is one in which an inference is asserted without 'stating underlying facts' or including 'any factual enhancement.'" *Matney*, 80 F.4th at 1144 (quoting *Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021), *cert. denied*, 142 S. Ct. 477 (2021)).

[59] *Brooks*, 985 F.3d at 1281.

[60] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1385 (10th Cir. 1997).

the Due Process Clause. Before addressing these arguments, the court reviews the pertinent statutory and regulatory framework.

## I.    Statutory and Regulatory Framework

The court starts with how BIA reviews a Form I-130 petition. A U.S. citizen or lawful permanent resident may file this petition to help a spouse obtain status as a "preference immigrant" under Section 201(b) of the Immigration and Nationality Act ("INA").[61] The petitioner bears the burden of proof and must "establish the validity of [the] marriage" by "satisfactory evidence[.]"[62] "A marriage that is entered into for the primary purpose of circumventing the immigration laws, referred to as a fraudulent or sham marriage, has not been recognized as enabling an alien spouse to obtain immigration benefits."[63] In making this determination, the agency asks "whether the [couple] intended to establish a life together at the time they were married."[64]

Federal Regulations describe situations when the agency must deny a petition. One such bar is the fraudulent marriage prohibition. Under Section 204(c) of the INA, USCIS will not approve a visa petition "filed on behalf of an alien who has attempted or conspired to enter into a marriage for the purpose of evading the immigration laws."[65] USCIS "will deny a petition . . . on behalf of any alien for whom there is *substantial and probative evidence* of such an attempt or

---

[61] 8 C.F.R. §§ 204.1(a), 204.2(a).

[62] *Matter of Brantigan*, 11 I. & N. Dec. 493, 494 (B.I.A. 1966).

[63] *Matter of Laureano*, 19 I. & N. Dec. 1, 2 (B.I.A. 1983).

[64] *Id.* (citing *Bark v. Immigr. & Naturalization Serv.*, 511 F.2d 1200 (9th Cir. 1975)).

[65] 8 C.F.R. § 204.2(a)(ii); *see* 8 U.S.C. § 1154(c) ("[N]o petition shall be approved if (1) the alien has previously been accorded, or has sought to be accorded, . . . preference status as the spouse of a citizen of the United States or the spouse of an alien lawfully admitted for permanent residence, by reason of *a marriage determined by the Attorney General to have been entered into for the purpose of evading the immigration laws*, or (2) the Attorney General has determined that the alien has attempted or conspired to enter into a marriage for the purpose of evading the immigration laws." (emphasis added)).

conspiracy [to fraudulently enter into a marriage], regardless of whether that alien received a benefit through the attempt or conspiracy."[66] "To be 'substantial and probative,' the evidence must establish that it is more than probably true that the marriage is fraudulent."[67] The government "examin[es] . . . all of the relevant evidence and [makes] a determination as to whether such evidence, when viewed in its totality, establishes, with sufficient probability, that the marriage is fraudulent."[68] "Significant inconsistencies coupled with minimal documentary evidence of a shared life may support a conclusion that a petitioner has not met his or her burden to establish the bona fides of the marriage."[69] "[E]ven if particular facts 'may not [be] sufficient individually to establish a finding of fraud,' those same facts, when taken together, may provide 'ample support' for an agency to infer a fraudulent marriage."[70] BIA has applied this prohibition to a prior marriage even if the current marriage is bona fide.[71]

The government initially carries the burden to show a fraudulent marriage.[72] "In making its initial determination, the government often uses documents in its possession, interviews with the couple, and observations made during site visits to the couple's marital residence."[73] Should the government find substantial and probative evidence of marriage fraud, it issues a NOID[74] so that the petitioner has "an opportunity to rebut the information and present information in his/her

---

[66] 8 C.F.R. § 204.2(a)(ii).

[67] *Matter of Singh*, 27 I. & N. Dec. 598, 607 (BIA 2019) (citing *Matter of E-M-*, 20 I. & N. Dec. 77, 80 (BIA 1989)).

[68] *Id.* The government considers direct and circumstantial evidence. *Id.* at 607–08. "[A]ffidavits alone will generally not be sufficient to overcome evidence of marriage fraud in the record without objective documentary evidence to corroborate the assertions made by the affiants." *Id.* at 609 (citing 8 C.F.R. § 204.2(a)(1)(i)(B)(5)).

[69] *Id.* at 608.

[70] *Id.* at 610 (alteration in original) (quoting *Atieh v. Riordan*, 797 F.3d 135, 140 (1st Cir. 2015)).

[71] *See, e.g.*, *Matter of Otiende*, 26 I. & N. Dec. 127, 129 (BIA 2013).

[72] *See Singh*, 27 I. & N. Dec. at 605–06; *Pitman v. USCIS*, 485 F. Supp. 3d 1349, 1354 (D. Utah 2020), *amended on reconsid. in part*, No. 2:17-cv-00166, 2022 WL 2257178 (D. Utah June 23, 2022) (citing *Zerezghi v. USCIS*, 955 F.3d 802, 805 (9th Cir. 2020)).

[73] *Zerezghi*, 955 F.3d at 805 (citing *Singh*, 27 I. & N. Dec. at 600–01).

[74] *Pitman*, 485 F. Supp. 3d at 1354.

own behalf before the decision is rendered."[75] The petitioner then has the burden to rebut the government's finding.[76]

Under the APA, a "reviewing court shall . . . hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."[77] "The arbitrary-and-capricious standard is a narrow one, requiring only that the agency examine the relevant evidence and adequately explain its decision by 'articulat[ing] a rational connection between the facts found and the decision made.'"[78] A court will not second-guess an agency's decision unless the agency "relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation . . . co[ntrary] to the evidence . . . , or is so implausible that it could not be ascribed to a difference in view or . . . agency expertise."[79] Though the "inquiry under the APA must be thorough, . . . the standard of review is very deferential to the agency."[80]

A court will also set aside the agency's decision if it is "not supported by substantial evidence in the record[.]"[81] "For the evidence to be 'substantial,' the agency's record must contain enough facts supporting the decision that a 'reasonable mind' could accept it as

---

[75] 8 C.F.R. § 103.2(b)(16)(i).
[76] *Singh*, 27 I. & N. at 605; *Pitman*, 485 F. Supp. 3d at 1354.
[77] 5 U.S.C. § 706(2)(A).
[78] *Am. Petroleum Inst. v. U.S. Dep't of Interior*, 81 F.4th 1048, 1058 (10th Cir. 2023) (alteration in original) (citation omitted).
[79] *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983); *see OXY USA Inc. v. U.S. Dep't of the Interior*, 32 F.4th 1032, 1044 (10th Cir. 2022) (citation omitted) ("[The court] may reject the agency's interpretation only when the interpretation is unreasonable, plainly erroneous, or inconsistent with the regulation's plain meaning.").
[80] *OXY USA*, 32 F.4th at 1044 (citation omitted); *see Am. Petroleum*, 81 F.4th at 1058 ("[W]e presume [the agency] action is valid, and the party challenging that action bears the burden of proving otherwise.").
[81] *Blanca Tel. Co. v. FCC*, 991 F.3d 1097, 1120 (10th Cir. 2021), *cert. denied*, 142 S. Ct. 486 (2021), *reh'g denied*, 142 S. Ct. 850 (2022).

'adequate to support [the] conclusion.'"[82] Yet a court may not "displace the [agency's] choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it *de novo*."[83] With the statutory framework in mind, the court turns to Plaintiffs' allegations.

## II.   Arbitrary and Capricious Claim

Plaintiffs allege BIA's 2023 decision is arbitrary and capricious because the agency failed to consider record evidence it was directed to review, relied on collateral proceedings, and declined to follow regulations.[84] Defendants assert Plaintiffs fail to state a claim because the record evidence shows BIA properly considered the evidence pursuant to the court's direction and collateral estoppel bars relitigation of Plaintiffs' two other arguments.

### A.   Plaintiffs Fail to State a Plausible Claim that BIA Was Arbitrary and Capricious for Its Denial of the Form I-130 Petition.

The petition contains two allegations as to why BIA's 2023 decision is arbitrary and capricious. Plaintiffs allege (1) BIA did not directly address its prior finding that Lena and Muhammad's relationship predated the Leeanne-Muhammad marriage and (2) BIA failed to sufficiently consider additional record evidence. The court addresses each allegation in turn.

#### 1.   Plaintiffs Do Not Plausibly Allege BIA Acted Arbitrarily and Capriciously Because It Addressed Lena and Muhammad's Relationship.

First, Plaintiffs assert BIA acted arbitrarily and capriciously because it did not support its conclusion that Plaintiffs' "romantic relationship" predated Muhammad's union with Leeanne.[85]

---

[82] *Firestorm Pyrotechnics, Inc. v. Dettelbach*, 61 F.4th 768, 778 (10th Cir. 2023) (citation omitted).
[83] *Wyo. Farm Bureau Fed'n v. Babbitt*, 199 F.3d 1224, 1231 (10th Cir. 2000).
[84] Pet. for Decl. Relief ¶¶ 72, 78, 85.
[85] *Id.* at ¶¶ 43, 78.

Plaintiffs allege BIA "found without any evidence" this fact.[86] They contend that on remand, BIA "never directly addressed or refuted" the court's finding but instead "relegated the discussion of such a crucial finding to a footnote[.]"[87] As such, Plaintiffs assert BIA's decision "flagrantly flouts addressing the district court's specific finding" and "renders the agency decision arbitrary and capricious."[88] Defendants contend that the relevant documents belie Plaintiffs' allegations.[89]

The court need not accept allegations that contradict properly considered documents. To this end, the court examines its April 2022 decision and BIA's 2023 decision.[90] The court noted that in its prior decision, BIA "concluded that the 'long-term relationship' between Muhammad and Lena predated Muhammad's marriage to [Leeanne]."[91] The court stated: "While unclear, it appears that . . . BIA was suggesting that Lena and Muhammad's *romantic relationship* predated Muhammad's marriage to Leanne."[92] But the court did not find "record evidence supporting *this finding*."[93] It cited evidence showing that Lena and Muhammad met in 2000, that they denied having "a romantic relationship at that time[,]" and that their relationship started in summer 2003 when Muhammad traveled to Ukraine.[94] In consequence, the court reasoned that BIA's statement that "[Muhammad and Lena's] relationship predated Muhammad's marriage to Leanne, without further explanation, is unsupported."[95]

---

[86] *Id.* at ¶ 43 (citing *Awan*, 2022 WL 993392, at *11).
[87] *Id.* at ¶ 44.
[88] *Id.* at ¶ 45.
[89] Mot. to Dismiss 13.
[90] The court may consider these documents in deciding the instant motion to dismiss. *See supra* note 8.
[91] *Awan*, 2022 WL 993392, at *11 (citing BIA 2020 Decision 1–2).
[92] *Id.* (emphasis added).
[93] *Id.* (emphasis added).
[94] *Id.*
[95] *Id.*

On remand, BIA explained that in its 2020 decision it "stated that [Muhammad]'s relationship with [Lena] pre-dated his marriage to [Leeanne]."[96] BIA further "clarif[ied] that [it] did not mean 'romantic relationship,' but that [Lena] and [Muhammad] *previously knew each other* before entering the United States."[97]

Accordingly, the court does not accept as true Plaintiffs' allegations that BIA never addressed the court's direction or that BIA's decision "flouts addressing the district court's" finding.[98] The court remanded because BIA's earlier decision seemingly did not support its assertion that Lena and Muhammad's romantic relationship predated the Leeanne-Muhammad marriage. But BIA later clarified that Lena and Muhammad knew each other—not in the romantic sense—before they entered the United States. The fact that the Board referenced the matter in a footnote is irrelevant.[99] At bottom, BIA did not act arbitrarily and capriciously because the documents show BIA addressed the court's concern.

Plaintiffs further contend the court must accept their allegations at face value and not consider Defendants' "theory of the case . . . or its characterization of the record or its own decision."[100] Put differently, Plaintiffs claim "the parties are factually at odds" and at the pleading stage, the court "must draw all reasonable inference in [Plaintiffs'] favor."[101] They

---

[96] BIA 2023 Decision 2.
[97] *Id.* at 2 n.3 (emphasis added).
[98] Pet. for Decl. Relief ¶¶ 44–45.
[99] *See id.* at ¶ 44.
[100] Opp'n 14–16 (citing *Johnson v. Spencer*, 950 F.3d 680 (10th Cir. 2020); *United States ex rel. Lemmon v. Envirocare of Utah, Inc.*, 614 F.3d 1163 (10th Cir. 2010); *Marshall Cnty. Health Care Auth. v. Shalala*, 988 F.2d 1221 (D.C. Cir. 1993); *Howl v. Alvarado*, 783 F. App'x 815 (10th Cir. 2019) (unpublished)).
[101] *Id.* at 17 (quoting *Doe v. Woodard*, 912 F.3d 1278, 1285 (10th Cir. 2019)).

assert Defendants cannot "burden Plaintiffs with proving their case at the pleading stage"[102] when Plaintiffs offer "enough facts to show that relief was plausible."[103]

Plaintiffs' argument falters. The issue here is whether Plaintiffs allege sufficient well-pleaded facts—not whether the court accepts Defendants' "theory of the case."[104] Certainly, the court accepts as true Plaintiffs' well-pleaded allegations and views them in a light most favorable to Plaintiffs.[105] But the court need not accept allegations that are contradicted by relevant documents.[106] For the reasons above, the court's prior decision and BIA's 2023 decision directly contradict Plaintiffs' assertion that BIA's decision "failed to live up to the demands of th[e] [c]ourt's interlocutory order."[107] Consequently, Plaintiffs fail to state a claim for relief.

### 2. Plaintiffs Do Not Plausibly Allege BIA Acted Arbitrarily and Capriciously Because BIA Considered Additional Evidence as Directed.

Second, Plaintiffs allege BIA failed to sufficiently "weigh . . . the impact of additional evidence it *initially* failed to consider[.]"[108] Plaintiffs point to the following evidence: 2002 and 2003 tax returns and IRS tax transcripts "showing Leanne and Muhammad were married, filing jointly"; 2002 and 2003 lease agreements "listing both Muhammad and Leanne"; and copies of Leeanne's driver's license "showing she changed her name to Leanne Cosentino-Ahmad."[109] Plaintiffs note that BIA's 2023 decision states that the "tax returns, lease agreement, and [Leeanne]'s driver's license establish that the former couple held themselves out to be married,

---

[102] *Id.* at 15.
[103] *Id.* (quoting *Twombly*, 550 U.S. at 556).
[104] *Id.* at 14.
[105] *Greer v. Moon*, ___ F.4th ___, No. 21-4128, 2023 WL 6804866, at *5 (10th Cir. Oct. 16, 2023) (citation omitted).
[106] *GFF*, 130 F.3d at 1385 ("[Such] are not well-pleaded facts that the court must accept as true.").
[107] Opp'n 17 (citing Pet. for Decl. Relief ¶¶ 43–44).
[108] Pet. for Decl. Relief ¶¶ 46–48, 79, 85 (emphasis in original) (tax returns, lease agreements, and copies of Leeanne's driver's license).
[109] *Id.* at ¶ 46 (quoting *Awan*, 2022 WL 993392, at *12).

but provide little insight into the nature of that prior marriage."[110] Yet Plaintiffs allege BIA "merely made a conclusory statement that the evidence in question provided 'little insight' into the prior marriage between Muhammad and [Leeanne]" despite the court's remand instructions.[111] Plaintiffs thus allege BIA acted arbitrarily and capriciously because its decision was "made in flagrant disregard of a remand order."[112]

For their part, Defendants argue Plaintiffs' allegations "misconstrue" the court's previous decision and BIA's 2023 decision.[113] Plaintiffs make the same argument in response: that Defendants seek to convert the Rule 12(b)(6) motion into one for summary judgment.[114] As before, the court examines the relevant documents appended to Plaintiffs' petition.[115]

The court did not reach the issue of whether BIA's 2020 decision was arbitrary and capricious because it did not know whether BIA considered the tax returns, lease agreements, or driver's license.[116] "[N]either . . . BIA nor the Director addressed in writing that evidence" and it was "unclear if . . . BIA reviewed these documents[,] . . . what weight it gave to the evidence, or how this evidence interacted with the other inconsistencies and evidence of marriage fraud."[117] As a result, the court remanded.

---

[110] *Id.* at ¶ 47 (quoting BIA 2023 Decision 2).
[111] *Id.* at ¶ 48.
[112] *Id.*
[113] Mot. to Dismiss 15–16.
[114] *See* Opp'n 13–19.
[115] Doing so will not convert the instant motion into one for summary judgment. *See supra* notes 8, 18; *cf. Day v. SkyWest Airlines*, 45 F.4th 1181, 1192–93 (10th Cir. 2022) ("'[C]onsideration of material attached to a *defendant's answer or motion to dismiss*' generally 'requires the court to convert the motion into one for summary judgment and afford the parties notice and an opportunity to present relevant evidence.'" (emphasis added) (quoting *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006))).
[116] *Awan*, 2022 WL 993392, at *12.
[117] *Id.*

In its 2023 decision, BIA "acknowledge[d]" it "considered the specific documents identified by the District Court in its decision[.]"[118] It declared: "Upon review, we again affirm the Director's determination that [Muhammad]'s prior marriage to a United States citizen was entered into for the purpose of evading the immigration laws[.]"[119] After noting the record "contains a significant quantity of high quality, competent, credible, and objective evidence of prior marriage fraud on [Muhammad]'s part[,]" the Board explained that the "submitted tax returns, lease agreement, and [Leeanne]'s driver's license establish that the former couple held themselves out to be married, but provide little insight into the nature of that prior marriage."[120]

It is well settled that a complaint "cannot rely on labels or conclusory allegations[.]"[121] Yet Plaintiffs' sole allegation—that the Board "made a conclusory statement that the evidence in question provided 'little insight'" into Muhammad's prior marriage—is itself a conclusory allegation.[122] The court need not accept this assertion as true, particularly when contradicted by relevant documents. "Viewing the totality of the circumstances as alleged in the [petition] in the light most favorable to [Plaintiffs][,]"[123] Plaintiffs allege no other well-pleaded facts that would change the result. The petition thus fails to state a claim.

### B. Collateral Estoppel Bars Plaintiffs from Arguing that BIA Improperly Relied on Collateral Proceedings and that It Did Not Comply with Regulations.

Plaintiffs allege BIA's 2023 decision is arbitrary and capricious because the Board relied on collateral proceedings and because it failed to follow regulatory procedures concerning

---

[118] BIA 2023 Decision 1 (citing the specific evidence at issue).
[119] *Id.*
[120] *Id.* at 2.
[121] *Greer*, 2023 WL 6804866, at *5.
[122] Pet. for Decl. Relief ¶ 48.
[123] *Jones v. Hunt*, 410 F.3d 1221, 1229 (10th Cir. 2005).

derogatory information.[124] These two arguments were rejected in the court's earlier opinion and are unaffected by the limited remand described earlier.[125] Defendants argue collateral estoppel "bars Plaintiffs from relitigating these issues."[126] Plaintiffs respond that the court's prior decision is not a final appealable order and so collateral estoppel does not apply.[127]

"Collateral estoppel, or issue preclusion, concerns the merits of a case. It is an affirmative defense that bars the re-litigation of an issue of law or fact after it is determined by a valid, final judgment."[128] The doctrine "aims to promote judicial efficiency, encourage reliance on previously adjudicated matters, and avoid inconsistent rules of decision."[129] A party seeking to invoke collateral estoppel must establish that

> (1) the issue previously decided is identical with the one presented in the action in question, (2) the prior action has been finally adjudicated on the merits, (3) the party against whom the doctrine is invoked was a party, or in privity with a party, to the prior adjudication, and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action.[130]

The party asserting the doctrine carries the burden of proving all four elements.[131] With the standard in mind, the court discusses Plaintiffs' two allegations.

### 1. Plaintiffs Are Estopped from Arguing Defendants Improperly Relied on Collateral Proceedings.

Plaintiffs allege BIA "relied extensively on collateral proceedings related to the [Leeanne-Muhammad] visa petition[.]"[132] First, this assertion is identical to the issue Plaintiffs

---

[124] Pet. for Decl. Relief ¶¶ 68, 72.
[125] *See Awan*, 2022 WL 993392, at *5–8.
[126] Mot. to Dismiss 17.
[127] Pet. for Decl. Relief ¶ 20 n.5; Opp'n 19–21.
[128] *Keller Tank Servs. II, Inc. v. Comm'r of Internal Revenue*, 854 F.3d 1178, 1193 (10th Cir. 2017).
[129] *Stan Lee Media, Inc. v. Walt Disney Co.*, 774 F.3d 1292, 1297 (10th Cir. 2014).
[130] *Harrison v. Eddy Potash, Inc.*, 248 F.3d 1014, 1022 (10th Cir. 2001).
[131] *Stan Lee Media*, 774 F.3d at 1297–98 (citing *Taylor v. Sturgell*, 553 U.S. 880, 907 (2008)).
[132] Pet. for Decl. Relief ¶ 78.

previously raised in their Motion for Review of Agency Action.[133] In that action, Plaintiffs argued that the Director did not conduct an independent analysis but instead "parroted previous uncontested determinations that [the parties] somehow conspired to commit fraud."[134] Here, Plaintiffs also allege BIA relied "significantly" and "extensively" on other proceedings.[135]

Next, the "collateral proceedings" issue already has been resolved on the merits. In its April 2022 decision, the court reasoned there was "no legal or logical prohibition against the USCIS and BIA considering all of the evidence before it, so long as that evidence may shed light on whether the marriage in question was fraudulent at the time it occurred, including whether the parties intended to share a marital life together."[136] The court then discussed how BIA cited several examples from the record for "substantial and probative evidence of prior marriage fraud[.]"[137] Record evidence included "concerning and substantial inconsistencies" in Muhammad's and Leeanne's testimony and affidavits and other circumstantial evidence.[138] For these reasons, the court granted in part and denied in part Plaintiffs' motion,[139] entered judgment, and remanded to BIA for limited purposes.[140]

None of Plaintiffs' cited cases reference collateral estoppel. They concern finality in terms of appellate jurisdiction.[141] "While the Tenth Circuit has yet to address the precise issue of the preclusive effect of interlocutory orders, 'several courts have implied that they take a less

---

[133] ECF No. 34, at 53, *Awan*, No. 2:21-cv-00163 (D. Utah filed Nov. 8, 2021).
[134] *Id.*
[135] Pet. for Decl. Relief ¶¶ 72, 78.
[136] *Awan*, 2022 WL 993392, at *9.
[137] *Id.* at *10.
[138] *Id.* at *10–11.
[139] *Id.* at *12.
[140] ECF No. 48, *Awan*, No. 2:21-cv-00163 (D. Utah filed Apr. 1, 2022).
[141] *See Wagoner*, 938 F.2d 1120 (appellate jurisdiction); *Miller v. Monumental Life Ins. Co.*, 376 F. App'x 871 (10th Cir. 2010) (unpublished) (same); *Metzger v. UNUM Life Ins. Co. of Am.*, 476 F.3d 1161 (10th Cir. 2007) (same); *Garner*, 506 F.3d 957 (collateral-order doctrine).

formalistic approach' to the finality requirement."[142] Courts have found that "'final' in the [claim preclusion] or [issue preclusion] sense is not identical to 'final' in the rule governing the jurisdiction of appellate courts."[143] "To be 'final' for purposes of collateral estoppel the decision need only be immune, as a practical matter, to reversal or amendment. 'Finality' in the sense of [the finality required for appellate jurisdiction] is not required."[144]

The court finds the weight of persuasive authority favors collateral estoppel here.[145] After all, the court previously decided the same issue and issued judgment.[146] The court's 2022 decision is thus an adjudication on the merits for purposes of Defendants' collateral estoppel argument. Additionally, Plaintiffs are the same parties from the earlier action.[147] And they were afforded "a full and fair opportunity to litigate the issue in the prior action."[148] The issue was fully briefed by both sides and the court resolved it.[149] Finally, the limited remand was for an unrelated purpose. In consequence, collateral estoppel bars Plaintiffs from arguing Defendants improperly relied on collateral proceedings when denying Lena's petition.

---

[142] *Merrill v. Cont. Freighters, Inc.*, No. 1:19-cv-02309, 2020 WL 5775659, at *7 (D. Colo. June 2, 2020), *R. & R. adopted*, 2020 WL 4463098 (D. Colo. Aug. 4, 2020) (collecting cases); *see* 18A Wright & Miller, Fed. Prac. & Proc. Juris. § 4432 (3d ed. 1998).

[143] *Thornton v. Kroger Co.*, No. CIV 20-1040, 2022 WL 488932, at *51 (D.N.M. Feb. 17, 2022) (alterations in original) (citing *Lummus Co. v. Commonwealth Oil Ref. Co.*, 297 F.2d 80, 89 (2d Cir. 1961), *cert. denied ex rel. Dawson v. Lummus Co.*, 82 S. Ct. 601 (1962)).

[144] *Bell v. Taylor*, 827 F.3d 699, 707 (7th Cir. 2016) (alteration in original) (citation omitted).

[145] *See Mills v. City of Covina*, 921 F.3d 1161, 1169 (9th Cir. 2019); *Lummus*, 297 F.2d at 89; *Intell. Ventures I LLC v. Cap. One Fin. Corp.*, No. PWG-14-111, 2015 WL 5201356, at *4 (D. Md. Sept. 4, 2015), *aff'd in part*, 850 F.3d 1332 (Fed. Cir. 2017); *Noland v. City of Albuquerque*, No. CIV-08-0056, 2011 WL 13290262, at *6 (D.N.M. Jan. 26, 2011); *United States v. Horne*, No. 05-0497, 2006 WL 290591, at *4 (W.D. Mo. Feb. 6, 2006).

[146] ECF No. 39, *Awan*, No. 2:21-cv-00163 (D. Utah filed Jan. 7, 2022).

[147] *Compare* Docket, *Awan*, No. 2:21-cv-00163 (D. Utah filed Mar. 17, 2021), *with* Docket.

[148] *Harrison*, 248 F.3d at 1022.

[149] ECF No. 34, at 51–54, *Awan*, No. 2:21-cv-00163 (D. Utah filed Nov. 8, 2021) (Plaintiffs' briefing); ECF No. 38, at 16–17, *Awan*, No. 2:21-cv-00163 (D. Utah filed Dec. 8, 2021) (Defendants' briefing); *Awan*, 2022 WL 993392, at *5–6 (court's analysis).

**2.      Plaintiffs Are Estopped from Arguing Defendants Did Not Follow Their Own Regulations when They Denied the Petition.**

Plaintiffs further allege BIA "failed to follow their own regulations with respect to how derogatory information is procedurally handled."[150] Defendants contend collateral estoppel bars this argument. The court applies the same four factors to Plaintiff's allegation.

First, Plaintiffs already litigated the issue in the previous action.[151] Next, the court fully adjudicated the issue on the merits. After engaging with Plaintiffs' arguments, the court found that neither the Director nor BIA committed procedural violations under 8 C.F.R. § 103.2(b)(16)(i).[152] Plaintiffs are also the same parties here and in the prior action. Last, Plaintiffs had a full and fair opportunity to litigate the issue. They filed a motion for review of agency action and an accompanying reply brief.[153] And the court addressed Plaintiffs arguments throughout its 2022 decision.[154] Accordingly, collateral estoppel prohibits Plaintiffs from relitigating whether Defendants failed to follow proper procedure.

Even if issue preclusion did not apply, Plaintiffs would not succeed on their argument for reconsideration. Plaintiffs assert "they are justified in this action to seek the [c]ourt's discretion for reconsideration[.]"[155] Under District of Utah Local Rule of Civil Practice 7-1, a "party may not make a motion . . . in a response or reply. Any motion must be separately filed."[156] Plaintiffs'

---

[150] Pet. for Decl. Relief ¶ 72 (citing 8 C.F.R. § 103.2(b)(16)(i)).

[151] *See* ECF No. 34, at 14–18, 42–46, *Awan*, No. 2:21-cv-00163 (D. Utah filed Nov. 8, 2021); *Awan*, 2022 WL 993392, at *5–8 ("Plaintiffs argue that . . . BIA erred when it did not remand the Decision to the Director for failure to follow proper procedure.").

[152] *Awan*, 2022 WL 993392, at *6, 8. Plaintiffs make the same argument about the court's decision operating as an interlocutory order. Opp'n 19–22. The court incorporates its earlier analysis and conclusions. *See supra* notes 141–145 and accompanying text.

[153] ECF No. 34, *Awan*, No. 2:21-cv-00163 (D. Utah filed Nov. 8, 2021); ECF No. 39, *Awan*, No. 2:21-cv-00163 (D. Utah filed Jan. 7, 2022).

[154] *See, e.g.*, *Awan*, 2022 WL 993392, at *6 (addressing Plaintiffs' Motion to Review Agency Action).

[155] Opp'n 22.

[156] DUCivR 7-1(a)(3).

Opposition contains their request for reconsideration.[157] As such, the court does not further address the matter.[158]

## III.  Due Process Claim

In their second cause of action, Plaintiffs allege Defendants violated the Due Process Clause under the Fifth and Fourteenth Amendments. They contend USCIS and BIA's "arbitrary and capricious actions in refusing to approve Lena's visa petition for Muhammad and denying him the opportunity to become a lawful permanent resident violate the Due Process Clauses."[159] Defendants contend Plaintiffs' claim falters because the petition does not allege a protected liberty or property interest. Plaintiffs do not directly address Defendants' arguments.[160] The court explores whether Plaintiffs state a substantive or procedural due process claim.

Substantive due process "provides heightened protection against government interference with certain fundamental rights and liberty interests[.]"[161] The court's "fundamental-rights analysis follows in three steps."[162] First, the court "consider[s] 'whether a fundamental right is at stake.'"[163] A fundamental right "is at stake either because the Supreme Court or the Tenth Circuit has already determined that it exists or because the right claimed . . . is objectively among those 'deeply rooted in this Nation's history and tradition and implicit in the concept of ordered liberty.'"[164] Courts have recognized fundamental liberty interests relating to "marriage, family

---

[157] *See* Opp'n 22–23.

[158] Plaintiffs also seek reconsideration on their claims under the Due Process Clause of the Fifth and Fourteenth Amendments. Opp'n 23–24. For the reasons stated herein, the court denies their request.

[159] Pet. for Decl. Relief ¶¶ 92–93.

[160] *See* Opp'n 23–24 (asserting instead they seek reconsideration).

[161] *Powers v. Harris*, 379 F.3d 1208, 1215 (10th Cir. 2004) (quoting *Washington v. Glucksberg*, 521 U.S. 702, 720 (1997)).

[162] *Stewart v. City of Oklahoma City*, 47 F.4th 1125, 1138 (10th Cir. 2022).

[163] *Van Sant & Co. v. Town of Calhan*, ___ F.4th ____, No. 22-1190, 2023 WL 6780119, at *14 (10th Cir. Oct. 13, 2023) (citation omitted).

[164] *Stewart*, 47 F.4th at 1138 (quoting *Abdi v. Wray*, 942 F.3d 1019, 1028 (10th Cir. 2019)).

life, child rearing, and reproductive choices[,]"[165] and fundamental property interests.[166] Courts should be "reluctant to expand the concept of substantive due process because guideposts for responsible decisionmaking in this unchartered area are scarce and open-ended."[167] Next, the court asks "whether the claimed right 'has been infringed through either total prohibition or direct and substantial interference.'"[168] Finally, "if a right has been infringed, [the court] generally appl[ies] either strict scrutiny (if the right is fundamental) or rational basis review (if the right is not fundamental)."[169]

The threshold question is whether Plaintiffs allege a fundamental right. Here, Plaintiffs offer two possibilities: the right to a spousal visa petition and the right to become a U.S. lawful permanent resident. Plaintiffs have not plausibly alleged either as fundamental rights. They have not provided any case law that supports such a finding. To the contrary, courts have rejected the notions that a denied visa involves a fundament right[170] and that aliens have a fundamental right to stay in the United States.[171] As a result, Plaintiffs do not plausibly allege a fundamental liberty or property interest.

---

[165] *Seegmiller v. LaVerkin City*, 528 F.3d 762, 770 (10th Cir. 2008).

[166] *See Roberts v. Winder*, 16 F.4th 1367, 1375 (10th Cir. 2021).

[167] *Glucksberg*, 521 U.S. at 720 (quoting *Collins v. City of Harker Heights*, 503 U.S. 115, 125 (1992)).

[168] *Van Sant*, 2023 WL 6780119, at *15 (citation omitted).

[169] *Id.* (citation omitted).

[170] *See Colindres v. U.S. Dep't of State*, 71 F.4th 1018, 1023 (D.C. Cir. 2023) ("[Plaintiffs] cannot show that the Government's visa denial burdened [petitioner's spouse's] fundamental rights."); *Khachatryan v. Blinken*, 4 F.4th 841, 860 (9th Cir. 2021) (no fundamental right to have a nonresident alien parent immigrate to the United States); *Bakran v. Sec'y, U.S. Dep't of Homeland Sec.*, 894 F.3d 557, 565 (3d Cir. 2018) (no fundamental right to petition for spouse's status); *Gebhardt v. Nielsen*, 879 F.3d 980, 988 (9th Cir. 2018) (same); *Bright v. Parra*, 919 F.2d 31, 33 (5th Cir. 1990) ("[N]o constitutional right to have [petitioner's] alien spouse remain in the United States."); *Christian v. Nielsen*, No. CIV-17-1227, 2018 WL 11267082, at *7 (W.D. Okla. May 14, 2018) (reasoning that a "right to obtain a visa for an alien spouse" is not a fundamental right).

[171] *See De Mercado v. Mukasey*, 566 F.3d 810, 816 (9th Cir. 2009) ("[N]o authority to suggest that the Constitution provides [petitioners] with a fundamental right to reside in the United States[.]"); *Li Fang Lin v. Mukasey*, 517 F.3d 685, 695 (4th Cir. 2008) ("[A]liens illegally in this country do not have a fundamental right to remain[.]"); *Sad v. Immigr. & Naturalization Serv.*, 246 F.3d 811, 819 (6th Cir. 2001) (same) (citing *Harisiades v. Shaughnessy*, 342 U.S. 580, 587 (1952)).

To analyze a procedural due process claim, the court undertakes "the familiar 'two-step inquiry.'"[172] First, the court "ask[s] whether the [defendants'] actions deprived plaintiffs of a constitutionally protected property interest."[173] "If plaintiffs can satisfy this requirement, [the court] then consider[s] whether they were afforded the appropriate level of process."[174]

Plaintiffs fail to allege a constitutionally protected liberty or property interest. They cite no caselaw for the proposition that an individual's desire to live with a non-U.S. citizen spouse or an individual's immigration status implicates protected constitutional interests. Indeed, a plurality of the Supreme Court found no support in a "free-floating and categorical liberty interest in marriage . . . sufficient to trigger constitutional protection" where the government denies a spousal visa application.[175] Courts have likewise rejected a protected liberty or property interest in adjustment of immigration status.[176] "[A] benefit is not a protected entitlement if government officials may grant or deny it in their discretion."[177] Here, the decision to grant or deny a visa petition or adjust immigration status is purely discretionary.[178]

In sum, Plaintiffs do not allege a fundamental right or constitutionally protected liberty or property interest. They do not state a plausible claim for relief under the Due Process Clause.

---

[172] *M.A.K. Inv. Grp., LLC v. City of Glendale*, 897 F.3d 1303, 1308 (10th Cir. 2018) (citation omitted).

[173] *Pater v. City of Casper*, 646 F.3d 1290, 1293 (10th Cir. 2011).

[174] *Id.*

[175] *Kerry v. Din*, 576 U.S. 86, 95 (2015) (plurality opinion); *see Napoletano v. Sessions*, No. 17-CV-000837, 2017 WL 11696395, at *4 (D. Colo. Nov. 3, 2017).

[176] *See Arambula-Medina v. Holder*, 572 F.3d 824, 828 (10th Cir. 2009) ("[A]liens do not have a constitutional right to enter or remain in the United States[.]"); *Yuen Jin v. Mukasey*, 538 F.3d 143, 157 (2d Cir. 2008) (noting no protected liberty or property interest because the decision to grant asylum is discretionary); *Rivera v. Sessions*, 903 F.3d 147, 151 (1st Cir. 2018) (same).

[177] *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 756 (2005).

[178] 8 U.S.C. § 1255(a) ("The status of an alien . . . may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe[.]").

## ORDER

For the foregoing reasons, the court GRANTS Defendants' Motion to Dismiss for Failure to State a Claim Under Federal Rule of Civil Procedure 12(b)(6).[179] Plaintiffs' Petition for Declaratory Relief[180] is DENIED WITHOUT PREJUDICE. Plaintiffs may move for leave to file an amended petition within 30 days of this Memorandum Decision and Order.

Signed October 24, 2023.

BY THE COURT

_____

David Barlow
United States District Judge

---

[179] ECF No. 15.
[180] ECF No. 2.

25